IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of:<br><br>CYNTHIA W. LEE<br>a/k/a CYNTHIA WEN,<br>    Debtor.<br><br>FIFTH THIRD BANK,<br>    Plaintiff.<br>v.<br><br>CYNTHIA WEN<br>a/k/a CYNTHIA WEN,<br>    Defendant. | BK NO. 19-34882<br>CHAPTER 13<br><br>JUDGE DONALD R. CASSLING<br><br><br>ADV NO. |

COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT

Now comes FIFTH THIRD BANK, its successors and/or assigns, (hereinafter referred to as "FIFTH THIRD BANK"), a creditor herein, by TERRI M. LONG, its attorney, and states as follows:

**Jurisdiction and Venue**

1. On December 11, 2019, the Debtor herein filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334, 151 and 157.

3. Venue in this Court is proper pursuant to 28 U.S.C. §1408.

4. This matter is a Core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

**Facts Common to all Counts**

5. Defendant held a credit card Account with Plaintiff, specifically, MasterCard account number ending in 5801, in which Plaintiff extended credit to Defendant under an open-ended credit card agreement (the "account").

6. The October 2019 credit card statement showed a small balance of $116.00, and Defendant paid that in full on 11/27/2019.

7. Then on November 5, 2019, the Defendant made one large purchase of $6,174.30 to an individual's or business's PayPal account.

8. And then *again* on November 22, 2019, the Defendant made another purchase of $1,955.40 to a different individual's or business's PayPal account. (See Exhibit A.)

9. These charges, totaling $8,129.70, were made just *36 days* (the $6,174.30 charge) and *19 days* (the $1,955.40 charge) before Defendant filed her petition for relief.

**Count 1**
**False Pretenses, False Representation, and Actual Fraud**
**11 U.S.C. §523(a)(2)(A)**

10. Plaintiff adopts and incorporates by reference all the allegations contained in paragraphs 1-9.

11. Pursuant to 11 U.S.C. §523(a)(2)(A), money, property, services, or an extension, renewal, or refinancing of credit are nondischargeable to the extent that they are obtained by false pretenses, a false representation, or actual fraud.

12. Defendant obtained money, property, and/or services through an extension of credit advanced by the Plaintiff on the credit card Account.

13. In the 36-day period ending just *19 days prior to the petition date,* Defendant's use of the credit extended by Plaintiff constituted a significant departure from her normal spending habits.

14. Specifically, Defendant's account typically had either a $0.00 balance or—as in October, just a $116.00 balance—and then between November 5-25, Defendant charged more than $8,000.00.

15. The Defendant was insolvent at the time of both transactions.

16. Defendant knew, or should have known, at the time of both transactions that she could not afford to, nor did she intend to, repay Plaintiff.

17. The Defendant, as such, falsely represented her ability and intent to repay Plaintiff, and Plaintiff reasonably relied upon such representations to its detriment.

18. The money, property, and/or services obtained by the Defendant through the credit card account and the credit advanced by the Plaintiff on the account were obtained by Defendant's false representations, false pretenses, or actual fraud.

### Count 2
### Presumption of Nondischargeability
### 11 U.S.C. §523(a)(2)(C)(i)(I)

19. Plaintiff adopts and incorporates by reference all the allegations contained in paragraphs 1-18.

20. Pursuant to 11 U.S.C. §523 (a)(2)(C)(i)(I), consumer goods owed to a single creditor and aggregating more than $675.00 incurred by an individual Debtor on or within 90 days before the order for relief under this title, are presumed to be nondichargeable.

21. The purchases totaling $8,129.70 obtained by the Defendant and financed by the Plaintiff were made within 90 days prior to the filing of the Defendant's bankruptcy petition.

22. Because the charges were made *within 36 days* of the order for relief, they aggregate more than $675.00, and were not for goods or services reasonably necessary for the support of the Debtor or her dependents, there is a statutory presumption that the charges are nondischargeable.

23. Upon finding that the debt is nondischargeable, Plaintiff is entitled to a money judgment.

**Count 3**
**Money Judgment**

WHEREFORE, FIFTH THIRD BANK, its successors and/or assigns, prays for the entry of an order granting it relief as follows:

1. Declaring that the total balance of $8,129.70 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A); *and*,

2. Declaring that portions of that total amount are also nondischargeable pursuant to 11 U.S.C. §523(a)(2)(C)(i)(I); *and,*

3. A money judgment in the total amount, plus interest at the statutory rate from the date of judgment, plus its costs and attorney's fees incurred herein; *and*

4. Any other legal or equitable relief that the court deems just.

FIFTH THIRD BANK, its Successors and/or Assigns

BY: _____/s/ Terri M. Long_____
           TERRI M. LONG

Terri M. Long
LAW OFFICES OF TERRI M. LONG
2056 Ridge Road
Homewood, Illinois  60430
Phone: (708) 922-3301
Fax    : (708) 922-3302
Atty. for FIFTH THIRD BANK, its Successors and/or Assigns